# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **DANNY LEON MCROY,** | § |
| | § |
| **Plaintiff,** | § CIVIL ACTION NO. 6:21-CV-00311-JCB |
| | § |
| v. | § |
| | § |
| **BOBBY LUMPKIN, TDCJ DIRECTOR, WARDEN;** | § |
| | § |
| **Defendant.** | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Danny Leon McRoy, an inmate confined in the Texas prison system, proceeding with *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2017 Wood County conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Upon review, for the reasons stated herein, the court recommends that the petition be denied, and the case dismissed with prejudice. The court further recommends that Petitioner McRoy be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On August 31, 2016, Petitioner was indicted in Wood County, Texas for the felony offense of evading arrest or detention with a vehicle (habitual), including use of a deadly weapon in the commission of the offense, cause number 22,965-2016, out of the 402nd Judicial District Court of Wood County, Texas. (Doc. No. 14-10.) He entered a plea of guilty on the charge and "not true" as to the deadly weapon and enhancement paragraphs and proceeded to trial on punishment. *Id.*

After hearing the evidence and arguments of counsel, the jury found that Petitioner did use or exhibit a deadly weapon and found the enhancement paragraphs "true". (Doc. No. 14-13.) On April 3, 2017, the jury sentenced him to thirty-seven (37) years imprisonment and assessed a fine in the amount of $5,000. (Doc. No. 14-10, at 8.) Petitioner appealed the conviction, represented by counsel who filed an *Anders* brief, and on May 23, 2018, the Twelfth Court of Appeals affirmed his conviction. (Doc. No. 14-2.) On July 26, 2021, Petitioner requested an out of time petition for discretionary review ("PDR"), which was denied by the Texas Court of Criminal Appeals ("CCA") on July 30, 2021. (Doc. No. 14-7.)

On June 24, 2019, Petitioner filed a state habeas application challenging his conviction. (Doc. No. 14-28, at 23.) On February 24, 2021, Wood County Judge Brad McCampbell recommended denial of the application. (Doc. No. 14-7, at 7.) On June 23, 2021, the CCA denied the application without written order on the findings of the trial court and without a hearing. (Doc. No. 14-19.) On March 24, 2021, Petitioner filed a writ of mandamus with the CCA. (Doc. No. 14-30.) The CCA denied the motion for leave to file the application for writ of mandamus without written order on May 5, 2021. (Doc. No. 14-29.) Petitioner filed his federal habeas petition on August 5, 2021. (Doc. No. 1); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

**II. McRoy's Petition**

In his petition, Petitioner raises several claims for relief:

(1) Ineffective assistance of counsel based upon failure to suppress evidence;

(2) Ineffective assistance of counsel based upon failure to object to the jury charge or appeal the charge;

(3) Ineffective assistance of counsel based upon failure to investigate; and

2

>   (4)   Violation of due process based on inadequate evidence to convict.

(Doc. No. 1, at 6–7.)

Petitioner argues that he was arrested as the result of an unlawful stop due to the improper running of vehicle plates and that counsel failed to suppress the illegally seized evidence. (Doc. No. 1, at 8.) Petitioner further argues that the record and verdict form did not require that the jury make a finding that he used a deadly weapon beyond a reasonable doubt and that counsel failed to object to erroneous instructions. *Id.* Petitioner also argues that counsel was ineffective in assistance because counsel failed to investigate what if any law enforcement policy authorized police officers to run the plates of parked vehicles to identify persons coming and leaving a public gas station. *Id.* at 9. Lastly, Petitioner generally argues that there was insufficient evidence to convict him of use of deadly weapon, violating due process. *Id.*

### III. Respondent's Answer

After being ordered to do so, Respondent filed an answer addressing McRoy's petition. (Doc. No. 13.) Respondent maintains that McRoy's petition is barred by the statute of limitations. *Id.* Respondent also asserts that McRoy is not entitled to equitable tolling. *Id.*

### IV. McRoy's Reply

In his reply, Petitioner argues that he is entitled to equitable tolling because he did not learn of his claims through reasonable diligence until he met Amador Rodriguez in the law library at the Byrd Unit. (Doc. No. 17.) Petitioner claims that Mr. Rodriguez had the same conviction as Petitioner and that, as a result, he reasonably discovered his claims sometime between April 8, 2019 and June 24, 2019. *Id.* at 6. Mr. Rodriguez submitted an affidavit confirming that he spoke with Petitioner about his claims between April 8, 2019 and June 24, 2019. (Doc. No. 17-1.)

**V. Legal Standards**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Pub. L. 104-132, 110 Stat. 1217. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly

deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**VI. Discussion and Analysis**

   1. Timeliness under the AEDPA

Congress enacted the AEDPA on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to his petition. Notably, Title I imposes a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). An inmate must file a section 2254 petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals).

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

Here, Petitioner McRoy was sentenced on April 3, 2017, after which he filed an appeal, and on May 23, 2018, the Twelfth Court of Appeals affirmed his conviction. (Doc. No. 14-2.) He filed a PDR, but it was not timely. (Doc. No. 14-7.) Therefore, his conviction became final thirty days after it was affirmed on June 22, 2018. Thus, the federal limitations period expired one year later, on June 24, 2019,[1] absent statutory tolling.

Petitioner filed his state habeas application challenging his conviction until June 24, 2019, thereby tolling the limitations period. (Doc. No. 14-28, at 23.) On June 23, 2021, the CCA denied the application without written order on the findings of the trial court and without a hearing. (Doc. No. 14-19.) Therefore, Petitioner's filing of his state habeas application tolled the limitations period for a total of 730 days—the amount of time from the filing of his state application to the CCA denial of the application. Adding 730 days to the one-year limitations period that ended on June 24, 2019, the deadline for his federal petition extended to June 23, 2021. Petitioner filed his federal habeas petition on August 5, 2021. (Doc. No. 1.) Petitioner's federal habeas petition was

---

[1] June 22, 2019 fell on a Saturday, extending his time to file until the following Monday.

therefore filed 43 days late. As a result, it is untimely and barred by the statute of limitations—absent any tolling.

2. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling. (Doc. No. 17.) Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (overturned on other grounds)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original).

Here, Petitioner does not show or point to any extraordinary circumstances that stood in his way so that he could file his petition timely. Petitioner claims he was pursuing his rights diligently because he did not realize his claim existed until sometime between April 8, 2019 and June 24, 2019. (Doc. No. 17.) As an initial matter, Petitioner does not explain how he was pursuing his rights in the time that passed from the finality of his conviction on May 23, 2018 until April 2019 when he allegedly learned of his potential claims from another inmate. However, even assuming that Petitioner was diligently pursuing his rights during this time, Petitioner timely filed

7

his state habeas application on June 24, 2019, tolling his federal limitations period by a total of 730 days. Petitioner provides no explanation for why he did not then file a timely federal petition, instead, filing the instant petition 43 days late. "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Here, the record fails to demonstrate that Petitioner had been pursuing his rights diligently. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights.") Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition should be dismissed as time-barred.

## VII. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

8

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He has also failed to demonstrate that a court could resolve the issues in a different manner of that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner McRoy's federal habeas petition be denied, as time-barred, and the case dismissed with prejudice. Finally, it is recommended that Petitioner McRoy be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE